Chief Justice Robertson
delivered the opinion of the Court.
A capias having been issued, by order of the Madison circuit court, against David McAiex-ander for felony,'on which there was an endorsement, Authorizing the sheriff to admit him to bail, in the sum of §750, McAiexander was taken and committed to jail.
After the commitment, McAiexander was liberated on entering into a recognisance to the commonwealth, *699 acknowledged before the jailor, by himself as principal, and by Lee and others as his sureties, for his appear-anee in the circuit court to answer to the indictment.
Jailor has no “ntllori,y t(? take recognizances in cri~ minal cases, Aot 181®> to civil casep.
Denny,.attorney general for commonwealth, Turner, for defendant.
McAlexander having failed to appear, a scieri facias was issued'on the recognizance, and was executed on the surety Lee.
He demurred to the scire facias, and the court sustained tlwfc demurrer, and thereupon discharged Lee, by its judgment.
If the jailor had authority to take the recognizance, the demurrer ought to have been overruled; but, if the jailor had nosueh authority, the circuit court did. right in sustaining the demurrer.
We know of no principle of the common law, ■ nor of any statute, which gives to the jailor authority to , , J ° . . ,1 mi i , take a recognizance, m a criminal case, the act of 1812, (II. Digest, 678,) applies to civil cases only. A jailor has no right to take a recognizance, in a criminal case, unless some positive law shall have vested him with such right.
Believing that the jailor had no authority to take the recognizance, the judgment of the circuit court must be affirmed.